UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

D. CAMERON ROSE JR. and DANIELLE M. ROSE, M.D.,

        Plaintiffs,        No. 13-21

    v.

BRIGHTSTAR FRANCHISING, LLC,

        Defendant.

## ANSWER TO COMPLAINT

Defendant BrightStar Franchising, LLC ("BrightStar"), for its Answer to the Complaint filed by Plaintiffs D. Cameron Rose Jr. and Danielle M. Rose, M.D. (collectively "the Roses"), states as follows. BrightStar denies each and every allegation of the Complaint except as expressly admitted, qualified, or otherwise answered below.

1. With respect to the allegations contained in Paragraph 1 of the Complaint, BrightStar states that this paragraph contains allegations of law to which no responsive pleading is required. To the extent a responsive pleading is required, BrightStar denies the allegations contained in Paragraph 1.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, BrightStar acknowledges the relief requested by Plaintiffs but denies that they are entitled to such relief.

3. BrightStar admits the allegations contained in Paragraph 3 of the Complaint.

4. BrightStar admits the allegations contained in Paragraph 4 of the Complaint.

5. With respect to the allegations contained in Paragraph 5 of the Complaint, BrightStar states that this paragraph contains allegations of law to which no responsive pleading is required. To the extent a responsive pleading is required, BrightStar denies the allegations contained in Paragraph 5.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, BrightStar admits that Plaintiffs do not have an administrative remedy that must be exhausted before bringing this action. BrightStar states, however, that Plaintiffs' claims are barred because of their failure to comply with a condition precedent set forth in their Franchise Agreement with BrightStar. The Franchise Agreement requires Plaintiffs to attempt to resolve any dispute with BrightStar through negotiation or mediation before commencing litigation.

7. With respect to the allegations contained in Paragraph 7 of the Complaint, BrightStar states that this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, BrightStar denies that this Court has jurisdiction over this matter, as the Franchise Agreement requires Plaintiffs to submit their claims to arbitration.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, BrightStar states that this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, BrightStar denies that venue is proper in this Court, as the Franchise Agreement requires Plaintiffs to submit their claims to arbitration.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, BrightStar denies that it entered into a Franchise Agreement with Plaintiffs dated September 10, 2010, and states that the parties' Franchise Agreement was entered on or about September 3, 2010.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, BrightStar states that the Franchise Agreement speaks for itself. BrightStar denies any characterization of the Franchise Agreement that is inconsistent with its terms.

11. With respect to the allegations contained in Paragraph 11 of the Complaint, BrightStar states that the Franchise Agreement speaks for itself. BrightStar denies any characterization of the Franchise Agreement that is inconsistent with its terms.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, BrightStar states that the Franchise Agreement speaks for itself. BrightStar denies any characterization of the Franchise Agreement that is inconsistent with its terms.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, BrightStar admits that Plaintiffs ceased operating their franchised business in September 2012. BrightStar denies the remaining allegations contained in Paragraph 13.

14. BrightStar admits the allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, BrightStar states that the Franchise Agreement speaks for itself. BrightStar denies any characterization of the Franchise Agreement that is inconsistent with its terms.

16. With respect to the allegations contained in Paragraph 16 of the Complaint, BrightStar states that the Franchise Agreement speaks for itself. BrightStar denies any characterization of the Franchise Agreement that is inconsistent with its terms.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, BrightStar states that its Franchise Agreements speak for themselves. BrightStar denies any characterization of those agreements that is inconsistent with their terms.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, this paragraph poses a hypothetical question and does not contain any allegations to which a response is required. To the extent a response is required, BrightStar states that its Franchise Agreements speak for themselves and denies any characterization of those agreements that are inconsistent with their terms.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, BrightStar states that its Franchise Agreements speak for themselves. BrightStar denies any characterization of those agreements that is inconsistent with their terms.

20. With respect to the allegations contained in Paragraph 20 of the Complaint, BrightStar states that its Franchise Agreements speak for themselves. BrightStar denies any characterization of those agreements that is inconsistent with their terms.

21. BrightStar denies the allegations contained in Paragraph 21 of the Complaint.

22. BrightStar incorporates herein by reference the preceding paragraphs of this Answer.

23. With respect to the allegations contained in Paragraph 23 of the Complaint, BrightStar states that this paragraph contains conclusions of law to which no responsive pleading is required. To the extent a response is required, BrightStar denies the allegations of Paragraph 23.

24. BrightStar denies the allegations contained in Paragraph 24 of the Complaint.

25. With respect to the allegations contained in Paragraph 25 of the Complaint, BrightStar acknowledges the relief requested by Plaintiffs but denies that Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

1. One or more of Plaintiffs' claims fails to state a claim upon which relief can be granted.

2. One or more of Plaintiffs' claims is barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

3. One or more of Plaintiffs' claims is barred by the express terms of the Franchise Agreement and associated documents.

4. Plaintiffs have failed to satisfy a condition precedent imposed by the Franchise Agreement.

5. One or more of Plaintiffs' claims is barred by the Franchise Agreement's integration clause.

6. One or more of Plaintiffs' claims is barred by the applicable statute of limitations.

7. One or more of Plaintiffs' claims is barred by the statute of frauds.

8. BrightStar conducted itself at all times in a commercially reasonable manner in compliance with the Franchise Agreement and applicable law.

9. Plaintiffs have failed to mitigate their damages, if any there were.

10. Any damages suffered by Plaintiffs are due to their own conduct, or the conduct of persons or entities over whom BrightStar exercised no control.

11. Plaintiffs' claims are subject to the arbitration clause contained in the Franchise Agreement, such that this Court is not the proper venue in which to resolve those claims. Plaintiffs must pursue their claims in arbitration pursuant to the Federal Arbitration Act.

12. Plaintiffs' claims are subject to a forum selection clause contained in the Franchise Agreement, which requires all disputes to be litigated in the courts of Gurnee, Illinois. This Court is not the proper venue for this action.

13. This Court lacks subject-matter jurisdiction over this matter.

14. Plaintiffs' claims are barred by some or all of the affirmative defenses set forth in Fed. R. Civ. Proc. 8(c), which are incorporated herein by reference.

15. BrightStar reserves the right to assert additional affirmative defenses as this matter proceeds.

16. BrightStar denies each and every material allegation that would purport to support a claim of liability against it and denies that Plaintiffs are entitled to any relief whatsoever.

**WHEREFORE**, BrightStar respectfully requests that:

1. Plaintiffs' claims be dismissed in their entirety;
2. BrightStar be awarded its costs and attorneys' fees as provided by the Franchise Agreement; and
3. BrightStar be granted such other and further relief as the Court deems just and equitable.

Dated: February 5, 2013.

        **HUNTON & WILLIAMS LLP**

        /s/ Melissa A. Romanzo
        Melissa A. Romanzo (N.C. Bar No. 38422)
        Bank of America Plaza
        Suite 3500
        101 South Tryon Street
        Charlotte, NC  28280
        Phone:  (704) 378-4700
        Facsimile:   (704) 378-4890
        mromanzo@hunton.com

        **FAEGRE BAKER DANIELS LLP**
        William L. Killion (MN # 55700)*
        Jason J. Stover (MN #30573X)*
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Phone: (612) 766-7000
        Facsimile: (612) 766-1600
        * Pro Hac Admission to be sought

        **ATTORNEYS FOR DEFENDANT**
        **BRIGHTSTAR FRANCHISING, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system and I mailed a true copy of the foregoing **ANSWER TO COMPLAINT**, by first class mail, postage prepaid, to:

      Stephen J. Romeo
      Law Offices of Stephen J. Romeo, PLLC
      8725 Creek Trail Lane #407
      Cornelius, NC 28031

      Elliot A. Fus
      Blanco Tackabery & Matamoros, P.A.
      P.O. Drawer 25008
      Winston-Salem, NC 27114-5008

This 5th day of February 2013.

                                             /s/ Melissa A. Romanzo
                                             Melissa A. Romanzo